UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                       Plaintiff,<br>    v.<br><br>DAVID JAMES CAIN,<br><br>                       Defendant. | CASE NO. 3:03-cr-05114-DGE<br><br>ORDER ON MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(C)(1)(A) (DKT. NO. 56) |

**I       INTRODUCTION**

This matter comes before the Court on Defendant David J. Cain's motion for compassionate release. (Dkt. No. 56.) Upon review of that motion, the Government's response (Dkt. No. 61), Cain's supplemental memorandum (Dkt. No. 72), the Government's response to the supplemental memorandum (Dkt. No. 77), Cain's reply in support (Dkt. No. 80), and the remaining record, the Court GRANTS the motion.

## II      BACKGROUND

23-year-old David Cain was arrested in January 2002 for a series of armed robberies committed during a two-month period between October 31, 2001 and January 15, 2002 in King County.  (Dkt. No. 73-1 at 18–21.)  He confessed to his involvement in the string of robberies, most of which were committed with his then-brother-in-law, Lee Brewer.  On November 4, 2002, Cain entered a plea and was sentenced to 21 years in prison.  (Dkt. No. 73-2.)

On December 31, 2002, less than two months after he had been transferred to state prison to begin his sentence, the Government filed a federal complaint in this Court.  (Dkt. No. 1.)  Cain was indicted on one count of Armed Bank Robbery, occurring on November 7, 2001 at a bank in Fife, and one count of Using Firearm During Bank Robbery, specifically, brandishing, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  (Dkt. No. 9.)  On April 17, 2003, Cain waived indictment, and the Government filed a superseding information.  (Dkt. Nos. 16, 18.)  The superseding information added a second count of Armed Bank Robbery (occurring on December 12, 2001). (Dkt. No. 16.)  The § 924(c)(1)(A)(ii) brandishing charge remained the same.  (*Id.*)

Inexplicably, on the same day the Superseding Information was filed, Cain plead to a more severe charge in the plea agreement than that contained in the superseding information.  The brandishing charge, which carries a 7-year mandatory minimum, was replaced in the plea agreement with a discharging charge, which carries a 10-year mandatory minimum.  (Dkt. 19 at 2); 18 U.S.C. § 924(c)(1)(A)(iii).  Nothing in the record sheds light on this discrepancy.

Pursuant to paragraph 10.e of Cain's plea agreement, the Government agreed to "recommend a sentence no greater than eighty four (84) months" at sentencing.  (Dkt. No. 19 at 6.)  Instead of recommending the 84-month sentence as promised, the Government recommended 120 months.  (Dkt. No. 71 at 7.)  Puzzlingly, Cain's attorney did not object, and in

fact joined in the 120-month recommendation.  (*Id.* at 9.)  The Court adopted the parties' joint recommendation and sentenced Cain to a 10-year sentence.[1]  (*Id.* at 12.)  Cain's 10-year sentence was to run consecutively to his state-sentence.  (*Id.*)  He began serving the federal sentence in August 2019, and his projected release date is January 25, 2028.  (Dkt. No. 41 at 3.)  Had the court imposed an 84-month sentence, Cain would be set for release in approximately five months.  (Dkt. No. 73 at 16.)

Cain, now 45, filed a pro se motion for sentence reduction in November, 2023.  (Dkt. No. 56.)  The basis for that motion was his parents' failing health, which prevented them from working on their family farm in Kansas, necessitating the help of Cain to act as their caretaker.  (*Id.*)  After the Government opposed the motion, Cain was appointed counsel, and filed a supplemental memorandum in support of the motion.  (Dkt. No. 73.)

Now, through his attorney, he has requested this Court reduce his sentence due to extraordinary and compelling reasons, based on a combination of the following:  (1) he was young when he received his 31-year sentence and has successfully rehabilitated, having already served 85% of the total sentence[2]; (2) in his federal case, he pled to a more serious charge than contained in the information and the Government failed to recommend the lower sentence as promised in the plea agreement; and (3) his parents are elderly and suffer from health issues such

---

[1] Arguably, as asserted by the government, "the disconnect between the plea agreement and the information" is irrelevant to the issues presented in this motion. (Dkt. No. 77 at 3–4.)  What is not irrelevant, however, is Paragraph 10.e. of the plea agreement wherein the Government agreed to recommend an 84-month sentence.  (Dkt. No. 19 at 7.)  This was the Government's obligation regardless of whether a mandatory 10-year or a seven-year minimum sentence applied to Cain's conduct.  This was the agreement the Court explained to Cain, and that Cain understood, at the time Cain plead guilty.  (*See* Dkt. No. 70 at 14–15.)

[2] This percentage is based on Cain's time in custody (over 22 years) divided by Cain's projected released date (which would yield just over 26 year of custody).

ORDER ON MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(C)(1)(A) (DKT. NO. 56) - 3

that they are not able to manage their cattle farm, and no other caregiver exists. (Dkt. No. 73 at 2.)

### III   DISCUSSION

**A.  Legal standard**

The First Step Act of 2018, enacted on December 21, 2018, amended 18 U.S.C. § 3582(c)(1)(A) to allow federal inmates to move the district court for a sentence reduction after exhausting their administrative rights. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). Prior to this amendment, only the Director of the Bureau of Prisons could bring a motion to reduce an inmate's sentence.

If an inmate has exhausted his administrative rights, a district court must consider the motion on the merits. On the merits, to reduce a sentence, a court must find "extraordinary and compelling reasons warrant" a sentence reduction *and* that the applicable factors set forth in 18 U.S.C. § 3553(a) support a sentence reduction. 18 U.S.C. § 3582(c). A Sentencing Commission policy statement at U.S.S.G. § 1B1.13, "Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)," binds the Court's analysis when considering any compassionate release motion.[3]

**B.  Exhaustion**

An inmate has exhausted his administrative rights if the warden of the inmate's facility has denied the inmate's request for compassionate release or if 30 days have lapsed from the warden's receipt of the request for compassionate release. 18 U.S.C. § 3582(c)(1)(A).

---

[3] This contrasts with previous Ninth Circuit case law, which held that while the policy statement at U.S.S.G. § 1B1.13 "may inform a district court's discretion," it was not binding on a district court considering a defendant-filed compassionate release motion. This was because the § 1B1.13 policy statement at that time applied only to BOP-filed compassionate release motions. *See United States v. Aruda*, 993 F.3d 797, 801–802 (9th Cir. 2021).

ORDER ON MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(C)(1)(A) (DKT. NO. 56) - 4

In their response, the Government points out only the family issue was exhausted; the two additional bases—his rehabilitation and the sentencing errors—were not presented properly to the Bureau of Prisons. (Dkt. No. 77 at 1.) Cain requested, and the Court granted, an extension of time to reply in order to properly exhaust those additional bases. (Dkt. No. 78.) On April 27, 2024, Cain submitted these issues to the warden requesting compassionate release. (Dkt. No. 80-1 at 1.) 30 days have lapsed since this request; therefore, Cain has exhausted his administrative rights, and the Court turns to their merits.

**C. Merits**

There are three considerations relevant to the merits of a motion for compassionate release:

> First, the district court must determine whether "extraordinary and compelling reasons warrant" a sentence reduction. Second, the court must evaluate whether a reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." Third, the court must consider and weigh the factors set forth in 18 U.S.C. § 3553(a) to decide whether the requested sentence reduction is warranted "under the particular circumstances of the case." Although a district court must conclude that a defendant satisfies all three predicates before granting a motion for compassionate release, it may deny compassionate release if a defendant fails to satisfy any of these grounds.

*United States v. Wright*, 46 F.4th 938, 945 (9th Cir. 2022) (citations omitted). As part of this three-step analysis, a Court must also determine whether a defendant is a danger to the safety of any other person or to the community. § 1B1.13(a)(2). The first two considerations practically merge; whether extraordinary and compelling reasons warrant a sentence reduction is governed by whether those reasons exist, which is determined by the policy statement at U.S.S.G. § 1B1.13(b). The Court thus analyzes the first two steps together, and then considers whether the sentence reduction is warranted based on the factors set forth at § 3553(a).

ORDER ON MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(C)(1)(A) (DKT. NO. 56) - 5

a. <u>Extraordinary and compelling reasons under § 1B1.13(b)</u>

Extraordinary and compelling reasons exist under any of six situations "or a combination thereof" outlined by the policy statement of United States Sentencing Guideline § 1B1.13(b). Cain argues only three apply: family circumstances, unusually long sentence, and the residual exception. § 1B1.13 (3), (5), (6). It bears noting again, the six situations outlined in § 1B1.13(b) need not be considered independent of each other. Rather, a "combination thereof" can support a finding of extraordinary and compelling reasons. § 1B1.13(b).

i. *Family circumstances*

Extraordinary and compelling reasons exist in cases of "incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." § 1B1.13(3)(c). Cain argues he is the only person who has the knowledge and is physically able to do the work to maintain the farm for his parents, who are in their seventies and in failing health. (Dkt. No. 73 at 17–18.)

Courts have found family circumstances support a finding that extraordinary and compelling reasons warrant a reduction in sentence. In those instances, however, the circumstances appear far more dire than here. For example, one court found a reduction appropriate where the submitted evidence demonstrated the defendant's son, who had Down Syndrome, "cannot survive without the help of others and that he has struggled with basic skills since Defendant entered custody." *United States v. Donato*, Nos. 03-CR-929 and 05-CR-606(NGG), 2024 WL 665939 at *5 (E.D.N.Y. Feb. 16, 2024). His only caretaker was his mother, who worked full-time. *Id.* Letters submitted demonstrated the role the defendant played in his son's life and the material ways his son would benefit from additional care provided by his father. *Id.*

ORDER ON MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(C)(1)(A) (DKT. NO. 56) - 6

By contrast, here, it is not apparent to the Court that Cain's parents are truly "incapacitated." (*See* Dkt. No. 56 at 16–17) (Letter from Cain's parents admitting their health is "not terrible for our age[,]" and that they can still work the farm, take care of their house, drive, and generally care for themselves). And, although it is clear on the face of the evidence submitted that Cain's parents are struggling, the Court is also skeptical Cain is the "only available caregiver" within the meaning of § 1B1.13(3)(c). (*See* Dkt. No. 73-10 at 1) (Cain's brother-in-law and niece help); (Dkt. No. 56 at 41) (Cain's brother stating the entire family is "close knit, and strong"); (Dkt. No. 56 at 18) (Cain's parents state their other children have "very busy lifestyles" and Cain is "the most logical help" as opposed to the only one who can help). Finally, as the Government points out, it appears the primary reason Cain's parents need help is not to care for themselves, but to help run the family farm. (Dkt. Nos. 77 at 11; 56 at 16, 18.)

The Court thus finds Cain has failed to make a showing that his family circumstances alone constitute "extraordinary and compelling circumstances" within the meaning of § 1B1.13(b)(3).

ii. *"Other reasons"*

Cain seeks a sentence reduction based on the "other reasons" catch-all provision found in § 1B1.13(b)(5). This subsection is applicable "if the defendant presents any other circumstances or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4) are similar in gravity to those described in paragraphs (1) through (4)." § 1B1.13(b)(5).

Notably, the Commission "considered but specifically rejected a requirement that 'other reasons' be similar in *nature and consequence* to the specified reasons." *See* Nov. 1, 2023 Amendments to U.S.S.G. at 10 (quoting First Step Act § 603(b)) (emphasis added). "Rather, they

need be similar only in *gravity*, a requirement that inheres in the statutory requirement that they present extraordinary and compelling reasons for a sentence reduction." *Id.* (emphasis added).

Cain argues two general sets of circumstances are "similar in gravity" to those outlined in the policy statement. First, Cain argues his "young age at the time he received a cumulative 31-year sentence, combined with his rehabilitation in prison, and the fact that he has served 85% of the total sentence[,]" support a finding of extraordinary and compelling reasons. (Dkt. No. 73 at 2.) He asserts these circumstances are similar in gravity "to the age of the defendant exception provided in" § 1B1.13(b)(2). (*Id*. at 13.) Second, Cain argues the discrepancy between charges contained in the superseding information combined together with the Government's and his original defense counsel's failure to recommend an 84-month sentence as agreed to resulted in harm to Cain. (*Id*. at 2.) He asserts this harm is similar in gravity to the "victim of abuse" circumstances contained in § 1B1.13(b)(4). (*Id*. at 16.)

Extraordinary and compelling reasons related to the age of a defendant are present where a defendant is 65 years old, is experiencing serious deteriorating health due to age, and has served at least 10 years or 75 percent of his term of imprisonment. § 1B1.13(b)(2). However, "[c]ourts have held that the combination of a lengthy sentence, commendable rehabilitative efforts, and a young age at the time of the commission of the offense may constitute an extraordinary and compelling reason for compassionate release." *United States v. King*, 2023 WL 7194866, at *4 (N.D. Cal. Nov. 1, 2023); *see also United States v. Brooker*, 976 F.3d 228, 238 (2d. Cir. 2020) (collecting cases). And, although "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason," 28 U.S.C. § 994(t), it can be "considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." § 1B1.13(d).

In *King*, the defendant was twenty-one years old when he engaged in sex trafficking of a minor. 2023 WL 7194866, at *1. He was sentenced to a cumulative sentence of 22.5 years. *Id*. at *2. At the time his motion for compassionate released was filed, the defendant was forty years old and had served nearly twenty years and 82% of his sentence. *Id*. at *5. Also, "[t]o the extent that he was able, [the defendant] spent his seventeen years in custody rehabilitating himself." *Id*. The court found the defendant's "rehabilitative efforts and young age at the time of sentencing combined with an extraordinarily long sentence presents an extraordinary and compelling circumstance that is 'similar in gravity' to the age of the defendant exception and thus warrants a reduced sentence." *Id*. at *4.

The facts in *King* are not dissimilar to the present matter. Cain was 23 years old at the time he committed his crimes. He was sentenced to a cumulative sentence of 31 years. Cain has served over 22 years of that sentence and 85% of his sentence (based on his projected release date). Cain has engaged in rehabilitative programming while in state prison such as courses in stress management, cognitive behavioral change, a 21-week redemption self-awareness class, and substance abuse. (Dkt. No. 56 at 21–32.) While in federal custody, Cain completed workshops on Traumatic Stress & Resilience, and Drug Abuse Education. (*Id*. at 19–23.) He also has completed 500 hours of work within the federal prison. (Dkt. No. 73-6 at 1.) Cain also has sought to educate himself by taking various educational classes. (Dkt. No. 72-6 at 2.)

"The Government does not dispute that Cain has sought to rehabilitate himself while incarcerated." (Dkt. No. 77 at 15.) Instead, the Government argues the circumstances presented are not similar in gravity to the age of defendant criteria found in § 1B1.13(b)(2) because "he is now only 45 years old, some two decades younger than" that contemplated by the Guidelines and not suffering any serious medical health issues related to his age. (*Id*. at 15–16.) But in this Court's

ORDER ON MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(C)(1)(A) (DKT. NO. 56) - 9

view, § 1B1.13(b) is not as rigid as the Government would interpret it to be: similar in gravity does not mean the same. And, it is a "combination thereof" of the six circumstances contained in § 1B1.13(b) that can form the basis for a finding of extraordinary and compelling reasons. "Similar in gravity" together with "a combination thereof" make clear that a person's circumstances need not meet the specific criteria of a particular section of § 1B1.13(b).

When one combines Cain's age at the time he committed his crimes, the unusually long sentence imposed, the amount of the sentence he has served, Cain's rehabilitative efforts over the years, and add to that the fact that the Government failed to adhere to its obligation under the plea agreement, that Cain likely had a claim for ineffective assistance of counsel, and that Cain has aging parents, Cain's circumstances are similar in gravity to the age of defendant circumstances contained in § 1B1.13(b)(2).[4]

b.  Dangerousness

The Court must also determine whether Cain is "a danger to the safety of any person or to the community, as provided in 18 U.S.C. § 3142(g)." § 1B1.13(a)(2). Notably, the Government does not forcefully argue Cain is a danger to the community at present time. Instead, the Government highlights the serious nature of Cain's conduct in this case. It also points out that prior to his present convictions, Cain "had already amassed prior Kansas convictions for burglary, battery, and criminal possession of a firearm, an offense involving his theft and possession of six firearms." (Dkt. No. 61 at 2.) But the Government's true opposition is that Cain's original sentence "accords with the statutory requirements that a sentence reflect the seriousness of his offenses, promote respect for the law, promote just punishment, deter criminal conduct, and protect

---

[4] Having concluded Cain meets the requirements of § 1B1.13(b)(2), the Court chooses not to analyze the victim of abuse alternative argument Cain presents in his motion.

ORDER ON MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(C)(1)(A) (DKT. NO. 56) - 10

the public from further crimes by Cain" and that "[t]here is no reason for the Court to afford Cain any further leniency." (Dkt. No. 77 at 17.)

This Court does not doubt the original sentencing court imposed a sentence that met the requirements of 18 U.S.C. § 3553 at the time the sentence was imposed. Nor is there doubt Cain engaged in violent conduct and was a danger to the community at the time of his arrest. But even so, whether a defendant was a danger to others or the community at the time of sentencing is a question different from whether a defendant continues to present a danger to the safety of others or the community after the passage of 22 years.

The record supports the conclusion Cain is not a danger to the safety of others or the community at present time. Cain is now 45 years old, 22 years older than he was when he committed his crimes. Undoubtedly, Cain has a different perspective on life and freedom at this age as compared to his views on life and freedom at age 23. (*See* Dkt. No. 73-7.) Cain also has aging parents in need of assistance. He will have a stable housing with his parents and steady work to keep him busy. Cain has incentives to maintain a productive lifestyle and otherwise stay out of trouble. Cain also has taken advantage of his time in state and federal custody to engage in rehabilitative programming. There is reason to believe Cain has learned and developed some tools to aid in his transition once released. And importantly, Cain remains subject to the terms of supervised release imposed during his original sentence. Cain will be under supervised release for five years and will need to comply with those terms or risk possible reincarceration. (*See* Dkt. No. 27 at 4–5.)

Based on Cain's history, age, rehabilitation, release plan and supervised release obligations, the Court finds Cain is not a danger to the safety of others or the community.

       c.   Applicable 18 U.S.C. § 3553(a) factors

Reviewing § 3553(a), the applicable factors to consider are (1) the nature and circumstances of the offense and the history and characteristics of the defendant, (2) the need for a sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, (3) the need to afford adequate deterrence, and (4) the need to protect the public from further crimes of the defendant.

Regarding Cain's personal characteristics, Cain experienced significant trauma and challenges before and after his parents adopted him, and had significant involvement in the juvenile justice system. (Dkt. No. 73-8 at 1–2.) It also is undeniable that Cain's relevant conduct was serious and violent, and that he had a prior history of criminal conduct. But in the 22 years that have passed since his criminal conduct, Cain has worked towards rehabilitating himself. He has maintained a relationship with his parents, who are now aging and could use his assistance in maintaining their family farm. While 45 years of age to some may not be old, it is a lifetime for a person who has been in custody for half of their life. It is clear that Cain's personal characteristics as an individual are much different now than they were 22 years ago.

Serving a 22-year sentence reflects the seriousness of Cain's conduct, has promoted respect for the law and provided just punishment. Requiring Cain to finish an additional three years in custody does not diminish or in any way cheapen how his 22 years of custody already reflects the seriousness of his offense, promotes respect for the law or is a just punishment his conduct.

A 22-year sentence also had provided adequate deterrence for Cain and for others who may commit similar criminal conduct. Cain knows the consequences of engaging in criminal conduct. Having served a 22-year sentence, Cain and others will and should think twice about engaging in criminal behavior.

Lastly, Cain's 22 years in custody have served to protect the public from Cain engaging in further crimes. This was certainly true for his 22 years in custody, where Cain has engaged in programming and made other efforts to rehabilitate himself.

Independently, the Court acknowledges there is always caution and uncertainty in granting a motion under 18 U.S.C. § 3582(c). Concerns about risks inherent in any request for a sentence reduction can never truly be eliminated. But those risks are ever present whether a person is released early or released later, and the Court's task is not to determine whether there are guarantees a person will never reoffend. Rather, the Court's task is to evaluate whether the record submitted supports a finding that a defendant's request for a sentence reduction or compassionate release meets the requirements of 18 U.S.C. § 3582(c). If the record supports such a finding, Congress empowers courts to exercise discretion. Having concluded Cain's motion and supporting documents support a finding of eligibility under 18 U.S.C. § 3582(c), the Court exercises its discretion in Cain's favor.

### IV. CONCLUSION

For the reasons stated herein, the Court GRANTS David Cain's Motion (Dkt. No. 56) for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A).

Dated this 27th day of August 2024.



David G. Estudillo
United States District Judge